# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DES R. MANN, | |
| Plaintiff, | No. C16-2085-LTS |
| vs. | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This case is before me on an unopposed motion (Doc. No. 14) by defendant (the Commissioner) to reverse and remand pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991) "to allow the Commissioner to conduct further proceedings." Doc. No. 14-1 at 1. On January 4, 2012, plaintiff Des R. Mann (Mann) filed for disability benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. *See* Administrative Record (AR) at 180-196. Her claim was denied and she timely applied for judicial review. Upon judicial review, this court remanded her case on April 23, 2015. *See Mann v. Colvin*, 100 F. Supp. 3d 710 (N.D. Iowa 2015). On remand, the ALJ held a new hearing and, on April 21, 2016, again denied Mann's claim on April 21, 2016. AR at 607-29. Mann initiated this action, again seeking judicial review, on July 27, 2016. *See* Doc. No. 1. The Commissioner's unopposed motion (Doc. No. 14) to remand requests that the court remand this case to "allow the Commissioner to conduct further proceedings" and that "[p]laintiff concurs that the court should remand the case." Doc. No. 14-1 at 1.

Sentence four authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Eighth Circuit has clarified that the court may not enter an order for remand without affirming, modifying, or reversing the Commissioner's decision as required by 42 U.S.C. § 405(g). Without one of those actions, the Eighth Circuit noted "there would be no statutory 'power' to remand pursuant to sentence four." *Brown v. Barnhart*, 282 F.3d 580, 581 (8th Cir. 2002). No review of the record is required when the parties agree that a sentence four remand is appropriate. *See Cuvelier v. Astrue*, No. C10-3027-MWB, 2010 WL 3718013 (N.D. Iowa Sept. 14, 2010) (explaining why a full review of the administrative record is not required if the parties agree that a sentence four remand is appropriate based, in part, on *Brown*, 282 F.3d at 581).

Because the parties agree that remand is appropriate pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's unopposed motion (Doc. No. 14) to reverse and remand is **granted**. The Commissioner's decision is hereby **reversed** and this case is **remanded** to allow the Commissioner to conduct further proceedings. Judgment shall enter in favor of Mann and against the Commissioner.

If Mann wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 5th day of April, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE